Justice Jim Rice, dissenting.
***474 ¶38 The Court holds that Blazer is "legally and factually distinguishable in all material regards," Opinion, ¶ 28, and largely dispenses with Blazer , as did the District Court, in favor of deciding the case as a scope-of-easement question. Citing cases that did not involve easements by reference ( Woods , Clark , and Mix ), the Court proceeds to reason that, "[i]f the originating conveyance grants or reserves an easement in only general terms," then the scope of this generally granted easement "includes any purpose reasonably related to the general purpose expressed." Opinion, ¶ 29. The Court then concludes that access to the adjoining, off-plat lands is a purpose reasonably related to the easement indicated on the subdivision plat, crossing Plaintiffs' lots. Opinion, ¶ 30. I respectfully disagree with these analytical propositions and the conclusion reached.
¶39 There is no dispute that an easement by reference to the plat was created for purposes of accessing the lots of the subdivision. But the precise question here is whether an easement was properly created for a different purpose-accessing property beyond the subdivision. In my view, the issue here is not purely about the scope of a created easement, but is, foundationally, whether an easement for off-plat access was properly created in the first place. If it was, then questions about its scope-the particulars about utilization of the off-plat access, including what uses are "reasonably related"-would appropriately come into play. However, I do not believe that is now the question. Rather, there is a threshold issue here involving creation of the easement under proper application of the easement-by-reference doctrine, for which Blazer is the seminal authority. While Blazer did not involve identical facts, governing principles articulated there control the outcome here, because that case "clarif[ied] exactly what is required to create an easement under the easement-by-reference doctrine." Blazer , ¶ 76.
¶40 The "dispositive issue" in Blazer -"the adequacy of the description on [the] COS" of the asserted easement, Blazer , ¶ 45, is also the dispositive issue here. An easement created by reference in an instrument of conveyance to a plat or COS must be "adequately described-must arise expressly, not by implication." Blazer , ¶ 41. Blazer instructed further about an adequate description, explaining the intended easement "must be clearly and unmistakably communicated on the referenced plat or certificate of survey." Blazer , ¶ 43 (emphasis added). The reason for this requirement is that a buyer must be able ***475 to know the extent of the burden upon the property he is purchasing-indeed, we have held the buyer acquires a right that the easement will only be used in the manner indicated on the plat: "[W]here land is sold with reference to a map or plat showing a park or like open area, the purchaser acquires a private right, generally referred to as an easement, that such area shall be used in the manner designated ." Blazer , ¶ 32 (internal quotations and citations omitted) (emphasis added). We explained that, "in determining the existence of an easement by reservation in the documents of conveyance, it is necessary that the grantee of the property being burdened by the servitude have knowledge of its use or its necessity ." Blazer , ¶¶ 36, 56 (emphasis added). Critically, we have required as follows: "[I]t is essential that an intention to convey or create a particular interest in real property is clearly expressed in the documents of conveyance." Blazer , ¶ 69 (emphasis added). See also Charles W. Willey, Montana Real Estate Transactions 141-42 (2010) (among other requirements "the plat map or COS must also show the easement's use or necessity") (emphasis added). We held that such clear indication of the particular purpose is mandatory, and explained that we *524 had previously upheld easements allegedly created by reference only if this purpose was clearly evident from the incorporated document. Blazer , ¶ 52. In contrast, "we have never recognized an easement created to benefit a dominant tenement that was not ascertainable from the referenced plat or certificate of survey." Blazer , ¶ 52 (emphasis added). In Tungsten , we rejected a claim that a parcel resembling a roadway on the incorporated plat, and for which there was "no other conceivable purpose," constituted a road easement, because such purpose was not identified upon the plat. Blazer , ¶ 37 (citing Tungsten ).
¶41 The "particular" purpose asserted in the present case is that the easement indicated on the plat not only provided access to the subdivision lots, but also burdened the lots with the provision of access to off-plat lands. The Court views the plat as obviously providing such access, stating broadly that "[t]he platted roadway network [ ] provides multiple points of ingress and egress to and from the subdivision and adjoining exterior lands at various points around the perimeter of the subdivision." Opinion, ¶ 5. However, in accordance with our precedent, I believe notification that the easement would burden individual lots with the provision of access to the off-plat lands must have been clearly expressed on the incorporated plat, giving knowledge of such designated use to the buyers of the property. Buyers had to be given knowledge of the "designated manner" in which the easement would be ***476 used. Blazer , ¶¶ 30, 56. Here, the incorporated plat failed to provide notice to Plaintiffs that individual lots would be burdened with providing access to off-plat lands.
¶42 As noted by Appellants, a strikingly similar case, involving claimed access to off-plat public lands by way of a platted easement for a subdivision road, was decided by the Eighteenth Judicial District Court, Gallatin County. Wirth v. Flaherty, et al. , No. DV-13-255B (Mont. Dist. Ct. Jan. 21, 2015). As here, lot owners claimed access to off-plat public lands by way of the subdivision road easement over Plaintiff Wirths' lot. The easement had been created by reference to a COS. The District Court noted the following facts and dispositive principles:
COS 518 does not adequately depict an access easement to the Gallatin National Forest. First, there is no access point or outlet to the National Forest depicted on COS 518. Further, the Gallatin National Forest is not labeled on COS 518.... Thus, there is nothing depicted on COS 518 that would give prospective purchasers of Lot 8 (the burdened lot) knowledge that the road easement depicted across Lot 8 was for the additional use or necessity of accessing the National Forest. The fact that the eastern border of the road easement is conterminous with the western border of the National Forest is inconsequential. An easement by reference, such as the road easement at issue here, must be "clearly and unmistakably communicated" on the COS. The right to access the National Forest from the road easement cannot be found to exist through inference or implication. Blazer , ¶ 43.
Wirth , pp. 12-13. The Wirth District Court, in reliance upon the easement-by-reference doctrine outlined in Blazer , denied the claimed access, properly reasoning that off-plat access was not indicated on the plat and that such access would burden the Plaintiffs' lot beyond that which was established by the referenced documents, and beyond which they were notified when they purchased the property.
¶43 Virtually the same facts, and the same deficiencies these facts present under the easement-by-reference doctrine, that existed in Wirth could also be stated about the platted easement at issue here.[1] The same governing principles from Blazer should likewise control. I would reach that conclusion, and reverse.
Justices Beth Baker and Laurie McKinnon join in the dissenting Opinion of Justice Rice.

The "USFS Land" label in Figure 2 of the Opinion is an addition to the plat made by the Court for clarification. That label is not on the original plat.